IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID WAYNE FUENTES,**

    Movant,

vs.                                        **CIVIL NO. 03-987 JP/DJS**
                                               Criminal No. 01-214 JP

**UNITED STATES OF AMERICA,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. Movant has filed the instant petition for habeas corpus pursuant 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Facility in Big Spring, Texas, where he is serving a 180 month sentence imposed upon his conviction upon two counts of Possession of a Firearm by a Felon. Movant's sentence was imposed following a jury trial.

2. In his first claim for relief, Movant contends that his sentence must be vacated because his conviction constitutes an unconstitutional exercise of authority by the Federal government. He also

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

asserts that his conviction and sentence should be set aside because he was not afforded effective assistance of counsel. Movant contends that his counsel failed to argue statutory and constitutional innocence, as described in his first claim for relief.

3. To amplify Movant's first claim for relief, this Court notes that he argues that 18 U.S.C. 922(g) constitutes a violation of the Ninth and Tenth Amendments to the United States Constitution. In addition, Movant argues that his prosecution comprised an unconstitutional exercise of power by the Federal government. Movant's arguments rest upon the assertion that, under New Mexico law, his possession of a firearm is not illegal where his felony conviction occurred more than ten years before possession of the weapon. NMSA 1978 30-7-16A provides that "It is unlawful for a felon to receive, transport or possess any firearm or destructive device in this state." The statute goes on to define a "felon" as "a person convicted of a felony offense by a court of the United States or of any state or political subdivision thereof and: (a) less than ten years have passed since the person completed serving his sentence or period of probation for the felony conviction, whichever is later; (b) the person has not been pardoned for the felony conviction by the proper authority; and (c) the person has not received a deferred sentence". NMSA 1978 30-7-16C(2). Under New Mexico state law, Movant does not qualify as a felon for the purpose of firearm ownership. However, that fact does not render his federal conviction unconstitutional.

4. §18 U.S.C. 922(g)(1) provides in part that "It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." What constitutes a conviction for such a crime is

determined by the law of the jurisdiction in which the proceedings leading to the conviction were held. Beecham v. United States, 511 U.S. 368, 371 (1994). As further explained in 18 U.S.C. §921(a)(20) "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

5. Movant argues that, because New Mexico law does not consider his felony convictions as qualifying convictions for the purpose of criminalizing possession of a firearm, the exception found in 18 U.S.C. §921(a)(20) should apply to him. The problem with his argument is that the New Mexico statute does not function as a restoration of Movant's civil rights. Cf. NMSA1978 §31-13-1(A) (1963) ("Any person who has been convicted of a felony shall not be permitted to vote in any election held pursuant to the laws of the state or any subdivision thereof, nor shall such person be permitted to hold any office of public trust for the state or any subdivision thereof."); See also NMSA 1978, §31-13-1(C) (1963) ( "The disability imposed by this section may only be removed by the governor."). Further, Movant has not shown that he has either had his civil rights restored or has had his New Mexico or Texas convictions set aside or expunged.[2] Even if the New Mexico state

---

[2] Article V, Section 6 of the New Mexico Constitution states that "the governor shall have power to grant reprieves and pardons." Article IV, section 11(b), of the Texas Constitution grants the executive of that state the power to issue pardons, in addition to which, Tex.Code Crim.Proc.Ann. art. 4212, 20(a) grants Texas district courts the power to dismiss the indictment for certain felony convictions once a term of probation is concluded, such that the defendant is "released from all penalties and disabilities resulting from the offense or crime of which he has

definition of a "felon" for the purpose of firearm possession trumped the federal definition. Movant would qualify as a felon for the purpose of §18 U.S.C. 922(g)(1) due to his Texas conviction, which has no time limitation upon its effect on gun ownership. See Beecham, 511 U.S. at 371 ("Throughout the statutory scheme, the inquiry is: Does the person have a qualifying conviction on his record?"). Movant's belief that New Mexico law enabled him to carry a firearm does not relieve him from liability under the law. United States v. Capps, 77 F.3d 350, 353 (10th Cir. 1996). [3]

6. Movant's second claim for relief is that his counsel was ineffective for failing to raise the argument detailed under his first claim for relief. To succeed on his claim that his counsel was constitutionally ineffective, Movant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense". Strickland v. Washington 466 U.S. 668,687 (1984). To show prejudice, Movant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because there is no merit to Movant's argument that New Mexico law defeated his status as a felon for the purpose of 28 U.S.C. §922(g), his counsel could not be ineffective for raising that argument, which would not have prevented Movant's conviction.

---

been convicted".

[3] In his brief in support of his §2255 motion, Movant also raises the issue that he purchased the guns found in his possession in the state of New Mexico. That fact does not defeat the interstate commerce requirement of §922(g). Scarborough v. United States, 431 U.S. 563, 575 (1977) ("[W]e see no indication that Congress intended to require any more than the minimal nexus that the firearm have [sic] been, at some time, in interstate commerce.").

**RECOMMENDED DISPOSITION:**

That the relief sought in the instant action be denied and this matter dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE

5